OPINION
{¶ 1} On March 21, 1992, appellant, James Hardy, and appellee, Elaine Mott, were married. One child was born as issue of the marriage, namely, Patrick Hardy born October 8, 1993. On January 13, 2004, appellant filed a complaint for divorce.
 {¶ 2} A hearing before a magistrate was held on September 23, 2004. By decision filed October 1, 2004, the magistrate recommended that appellant pay $1,500.00 per month for forty-eight months in spousal support and $506.00 per month in child support. Both parties filed objections. A hearing was held on November 16, 2004. By judgment entry filed November 18, 2004, the trial court approved and adopted the magistrate's decision save for changing the child support amount to $650.00 per month.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED IN CALCULATING CHILD SUPPORT BY FAILING TO INCLUDE APPELLANT'S MANDATORY WORK RELATED DEDUCTIONS IN THE WORKSHEET."
 II {¶ 5} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN CALCULATING CHILD SUPPORT BY MODIFYING THE MAGISTRATE'S DECISION ELIMINATING THE DEVIATION FROM THE SUPPORT GUIDELINES WHICH WAS BASED UPON EXTENDED PARENTING TIME."
 III {¶ 6} "THE TRIAL COURT ERRED IN CALCULATING CHILD SUPPORT BY FAILING TO INCLUDE SPOUSAL SUPPORT AS OTHER INCOME."
 IV {¶ 7} "THE TRIAL COURT ERRED IN AWARDING SPOUSAL SUPPORT TO THE WIFE IN THE AMOUNT OF $1,500.00 PER MONTH FOR FORTY-EIGHT MONTHS."
 V {¶ 8} "THE TRIAL COURT ERRED IN FAILING TO ASCERTAIN THE RELATIVE EARNING ABILITY OF THE APPELLEE WIFE AND IMPUTE INCOME TO APPELLEE WIFE."
 VI {¶ 9} "THE MAGISTRATE COMMITTED ERROR IN FAILING TO IMPUTE INCOME TO DEFENDANT-APPELLEE FOR THE PURPOSE OF CHILD SUPPORT CALCULATIONS."
 I {¶ 10} Appellant claims the trial court erred in not including his "mandatory work related deductions" in the child support worksheet. We disagree.
 {¶ 11} Gross income is defined in R.C. 3119.01(C)(7) as follows:
 {¶ 12} "`Gross income' means, except as excluded in division (C)(7) of this section, the total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable, and includes income from salaries, wages, overtime pay, and bonuses to the extent described in division (D) of section 3119.05 of the Revised Code; commissions; royalties; tips; rents; dividends; severance pay; pensions; interest; trust income; annuities; social security benefits, including retirement, disability, and survivor benefits that are not means-tested; workers' compensation benefits; unemployment insurance benefits; disability insurance benefits; benefits that are not means-tested and that are received by and in the possession of the veteran who is the beneficiary for any service-connected disability under a program or law administered by the United States department of veterans' affairs or veterans' administration; spousal support actually received; and all other sources of income. `Gross income' includes income of members of any branch of the United States armed services or national guard, including, amounts representing base pay, basic allowance for quarters, basic allowance for subsistence, supplemental subsistence allowance, cost of living adjustment, specialty pay, variable housing allowance, and pay for training or other types of required drills; self-generated income; and potential cash flow from any source."
 {¶ 13} "Gross income" does not include, "Amounts paid for mandatory deductions from wages such as union dues but not taxes, social security, or retirement in lieu of social security." R.C. 3119.01(C)(7)(d).
 {¶ 14} Appellant claimed parking fees, taxable life insurance and union dues totaled $762.00 a year in monthly deductions. No such deductions were claimed by appellee. Appellee argues the union dues amount is not in the record. We concur the amount of the dues was not presented as evidence to the magistrate. During the objection hearing, appellant relied on the issue of less disposable income available to him.
 {¶ 15} Upon review, we find the trial court did not err on the mandatory work related deductions.
 {¶ 16} Assignment of Error I is denied.
 II {¶ 17} Appellant claims the trial court erred in eliminating the deviation from the child support worksheet included in the magistrate's decision. Although appellant acknowledges it is within the trial court's province to change the deviation, he claims the trial court failed to give an explanation for the change. We disagree.
 {¶ 18} Civ. R. 53(E)(4) governs court's action on magistrate's decision. Subsection (b) states the following:
 {¶ 19} "The court shall rule on any objections the court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter. The court may refuse to consider additional evidence proffered upon objections unless the objecting party demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration."
 {¶ 20} A trial court's decision to adjust a child support recommendation is reviewed under an abuse of discretion standard. Boothv. Booth (1989), 44 Ohio St.3d 142. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983) 5 Ohio St.3d 217.
 {¶ 21} R.C. 3119.22 governs deviation of amount of child support ordered and states the following:
 {¶ 22} "The court may order an amount of child support that deviates from the amount of child support that would otherwise result from the use of the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, if, after considering the factors and criteria set forth in section 3119.23 of the Revised Code, the court determines that the amount calculated pursuant to the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, would be unjust or inappropriate and would not be in the best interest of the child.
 {¶ 23} "If it deviates, the court must enter in the journal the amount of child support calculated pursuant to the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, its determination that that amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting that determination."
 {¶ 24} The magistrate entered a deviation based upon extended parenting time, but acknowledged the disparity of the parties' respective incomes. Appellant's income is $93,000.00 and appellee's income is $38,000.00.[1] The magistrate based the deviation upon a calculation of a forty-two percent/fifty-eight percent split of time between the parties. The trial court rejected this deviation and chose to focus on the disparity of the parties' income.
 {¶ 25} Upon review, we find the trial court did not abuse its discretion in choosing not to deviate from the child support guidelines.
 {¶ 26} Assignment of Error II is denied.
 III {¶ 27} Appellant claims the trial court erred in failing to calculate spousal support as "other income" in the child support worksheet calculation. Appellee concedes this was an error. The matter is remanded to the trial court to include the amount in the child support worksheet.
 {¶ 28} Assignment of Error III is granted.
 IV {¶ 29} Appellant claims the trial court erred in awarding spousal support in the amount of $1,500.00 per month for forty-eight months. We disagree.
 {¶ 30} An award of spousal support lies within the trial court's sound discretion. Cherry v. Cherry (1981), 66 Ohio St.2d 348; Blakemore.
 {¶ 31} R.C. 3105.18 governs awards of spousal support and modification and states as follows:
 {¶ 32} "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 33} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 [3105.17.1] of the Revised Code;
 {¶ 34} "(b) The relative earning abilities of the parties;
 {¶ 35} "(c) The ages and the physical, mental and emotional conditions of the parties;
 {¶ 36} "(d) The retirement benefits of the parties;
 {¶ 37} "(e) The duration of the marriage;
 {¶ 38} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 39} "(g) The standard of living of the parties established during the marriage;
 {¶ 40} "(h) The relative extent of education of the parties;
 {¶ 41} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 42} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 43} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 44} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 45} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 46} "(n) Any other factors that the court expressly finds to be relevant and equitable."
 {¶ 47} Appellant argues the spousal support award is predicated upon a miscalculation of income and argues his monthly net income is $4,831.00 and not $5,500.00 as indicated by the magistrate. Appellant lists deductions for parking fees, union dues, taxable life insurance, medical insurance and STRS, but fails to calculate these necessities into appellee's monthly income. The trial court used the parties' gross and net incomes in arriving at an amount:
 {¶ 48} "This is a twelve and a half year marriage. The parties' earning ability is disparit (sic) with the Plaintiff earning $92,905.33 per year compared to Defendant's present income of $38,799. After the property division, Defendant is in a position where she has the marital home (with an equity of $62,500) with a mortgage of $831.00 per month and a share in the Plaintiff's STRS retirement benefits in addition to some of her own. She has $25,000 in cash but has agreed in the property settlement to buy out the Plaintiff's interest in the marital home for $21,000. She has two part-time jobs. She will need to either return for training to update her nursing skills or find a full-time job in her field which is not presently available. The parties' child is 11 years old and at an age where day care would be necessary if she had a job with hours beyond the school day. Her present employment allows for her to be home when he is not in school. She is forty-nine years old. Although she testified that she had an `abnormal spot,' there was no evidence that she was not in good health. Her monthly net income is approximately $2,500. Her monthly expenses are $3,267.00. The Plaintiff has a tenured teaching position at Akron University with pension benefits and liquid assets. It was apparent that he enjoys his position at the University and can look forward to continued employment at the institution. He has a great deal of flexibility in his schedule. There was no testimony that he has any physical limitations. His monthly net income is approximately $5,500 and his expenses $2,568." See, Magistrate's October 1, 2004 Decision at Conclusion of Law No. 8.
 {¶ 49} These findings are established in the record. T. at 26-29, 35-36, 56-57, 62, 81. As noted by the trial court, this was a twelve and a half year marriage with one minor child. Both parties diligently worked at their employment, yet appellee's income is substantially less than appellant's.
 {¶ 50} Upon review, we find the trial court did not abuse its discretion in determining spousal support.
 {¶ 51} Assignment of Error IV is denied.
 V, VI {¶ 52} Appellant claims the trial court erred in failing to impute income to appellee. We disagree.
 {¶ 53} Appellant relies on the testimony of vocational expert John Quinn, Ph.D., who found appellee's relative earning capacity in the Canton area to be $45,769.00. See, Plaintiff's Exhibit 2 at Page 14. Appellee testified she made a conscious decision during the course of her career to remain in academia and work at a per diem job at Doctor's Hospital because the hours were better and facilitated child raising. T. at 1061-08.
 {¶ 54} Once appellee married appellant, she never returned to full time work. T. at 111. In 2001, appellant took a position at Doctor's Hospital in staff development. T. at 113. Although she obtained additional certification as a nurse practitioner, appellant has not been able to achieve full time employment in the field and claimed she never turned down a job in the Canton area. T. at 114. Appellee began working at Stark State in January of 2004 because of the pending divorce. T. at 116. Appellee is uncomfortable with a full time floor nurse job at forty-nine years of age. T. at 117. She opined it would be difficult to raise a child working twelve hour shifts. T. at 118.
 {¶ 55} The trial court accepted appellee's testimony as opposed to Dr. Quinn's opinion. Both parties cite to Dr. Quinn's videotaped deposition that was played for the trial court. However, although Dr. Quinn's report is included in the record as Plaintiff's Exhibit 2 and the videotape is included among the exhibits, there has been no transcription of the deposition pursuant to App. R. 9(A). Therefore, we presume the trial court's findings to be correct. See, Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197.
 {¶ 56} We note the trial court retained jurisdiction on the issue of spousal and child support and therefore any changes can be adjusted by the trial court at a future time.
 {¶ 57} Assignments of Error V and VI are denied.
 {¶ 58} The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is hereby affirmed in part and reversed in part.
Farmer, J. Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is affirmed in part and reversed in part and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellant.
[1] The magistrate refused to impugn additional income to appellee based upon the job market and the care necessary for a young child. See, Magistrate's October 1, 2004 Decision at Conclusion of Law No. 8, cited infra.